**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-00635-DME-KLM

WISSAM HAMMOUD,

       Applicant,

v.

J. WANDS,

       Respondent.

---

**ORDER DENYING MOTION FOR RECONSIDERATION AND AMENDING ORDER
ADOPTING RECOMMENDATION OF MAGISTRATE FILED ON
SEPTEMBER 27, 2010 (DOC. NO. 24)**

---

      This matter is before the Court on a Motion for Reconsideration filed by Applicant, Wissam Hammoud, pursuant to Fed. R. Civ. P. 60(b).  [Doc. no. 26.]  Hammoud requests that the Court vacate its order, in which the Court dismissed Hammoud's action with prejudice.  That dismissal was based on this Court's conclusion that evidence exists to justify Hammoud's prison disciplinary convictions and this Court's adoption of the magistrate judge's recommendation.  [Doc. no. 24.]  For the reasons set forth below, the Motion for Reconsideration is denied.

### I.  Background

      This matter involves two disciplinary convictions Hammoud received while incarcerated in federal prison.  Hammoud filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 arguing that there was insufficient evidence to sustain his disciplinary convictions.  Hammoud filed that application while incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI Florence).  The disciplinary convictions, however, were issued during

Hammoud's time at the Federal Correctional Institution in Pekin, Illinois (FCI Pekin).  This Court's Order Adopting Recommendation of Magistrate, entered on September 27, 2010, incorrectly stated that Hammoud received the disciplinary convictions while incarcerated at FCI Florence, instead of FCI Pekin.

The order continued to engage in a de novo review of the Recommendation of United States Magistrate Judge, which recommended that this Court deny Hammoud's application for habeas corpus and dismiss the case with prejudice.  This Court concluded that the Magistrate Judge's analysis was legally correct and fully supported by the record, and that enough evidence exists to support Hammoud's disciplinary convictions.  Therefore, this Court denied Hammoud's objections, denied the application for habeas corpus, and dismissed the case with prejudice.

## II.  Law

In this motion, Hammoud seeks relief pursuant to Fed. R. Civ. P. 60(b), which provides, in pertinent part, that this Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Reconsideration under Rule 60(b) may only be granted in exceptional circumstances.  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1153 (10th Cir. 2007); Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).  As such, parties may not use

reconsideration as a tool to rehash previously presented arguments already considered and rejected by the Court, nor can it be used to present new arguments based upon law or facts that existed at the time of the original argument. FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for appeal." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990).

### III. Analysis

Hammoud seeks reconsideration because the challenged convictions occurred while he was incarcerated at FCI Pekins, not FCI Florence. Hammoud states, "The court's conclusion of 'some evidence' is fraud, as not one scintilla of evidence was presented regarding actions at Florence Colorado, which constitutes intrinsic fraud by both judicial officers . . . ." [Doc. no. 26, at 2.] While Hammoud's motion cites Rule 60(b)(3) specifically and references fraud, this Court finds that Hammoud's argument consists of a claim of judicial mistake as contemplated by Rule 60(b)(1). Because Hammoud is proceeding pro se, this Court construes his application liberally and will evaluate Hammoud's motion under both subsections. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).[1]

The mistake provision in Rule 60(b)(1) provides for reconsideration of judgments where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted

---

[1] In the final paragraph of this motion, Hammoud "respectfully requests reassignment to another set of judges." [Doc. no. 26, at 3.] Hammoud made one other passing reference in the motion to this request, but otherwise failed to provide an explanation, argument, or any authority to support this claim. While this Court construes Hammoud's motion liberally, it will not craft his legal theories for him. Therefore, his undeveloped request for reassignment will not be addressed.

without authority from a party or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.  Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  Hammoud's argument alleges judicial mistake.  But the factual mistake made, while regrettable, was not substantive.  The mistake was made in one sentence in the background of the order, and despite the misstatement that the disciplinary convictions occurred in FCI Florence instead of FCI Pekins, the order cites the incident reports in the record.  Further, the misstatement does not affect the legal analysis of the order.  Thus, the Court finds that Hammoud's motion does not make a showing sufficient to warrant reconsideration under Rule 60(b)(1).

Turning to the fraud provision, a party relying on Rule 60(b)(3) "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005).  "[T]hey must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct" because Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect, which may be remedied under subsections (b)(1) or (2)."  Id. (internal quotation marks and citations omitted).  Hammoud alleges that the order was enacted "so that the judicial machinery could not perform its normal 'impartial' functions."  [Doc. no. 26, at 2.]  But the factual misstatement described above is at the heart of this allegation.  That does not rise to the level of clear and convincing proof of fraud, misrepresentation, or misconduct.  Further, that argument is not aimed at a judgment that was unfairly obtained but instead at a factual mistake more appropriate for analysis under subsection (b)(1).  Therefore, the Court finds that Hammoud's motion also does not make a showing sufficient to warrant reconsideration under Rule 60(b)(3).

But this Court can, on its own, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Therefore, this Court will correct the order filed on September 27, 2010, to reflect the fact that the disciplinary convictions were received when Hammoud was incarcerated at FCI Pekin, not at FCI Florence.

### IV. Conclusion

Accordingly, the Motion for Reconsideration Rule 60(b)(3) [Doc. no. 26] is DENIED. Pursuant to Federal Rule of Civil Procedure 60(a), the Order Adopting Recommendation of Magistrate [Doc. no. 24] filed on September 27, 2010, is AMENDED to change the reference to the Federal Correctional Institution in Florence, Colorado, in the first paragraph of the background to the Federal Correctional Institution in Pekin, Illinois. But otherwise, the Order Adopting Recommendation of Magistrate shall remain in full force and effect.

Dated this    7th    day of      December     , 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE